**TRACOR, INC., Plaintiff,**

**v.**

**HEWLETT–PACKARD CO. et al.,
Defendants.**

**No. 72 C 580.**

United States District Court,
N. D. Illinois, E. D.

Oct. 26, 1973.

Robert L. Harmon, Raymond P. Niro, Hume, Clement, Hume & Lee, Chicago, Ill., John F. Lynch, Jack C. Goldstein, Arnold, White & Durkee, Houston, Tex., for plaintiff.

James A. Sprowl and Robert L. Rohrback, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for Nuclear-Chicago Corp.

Sheldon Karon and Joseph A. Spitalli, Chicago, Ill., for Hewlett-Packard Co.

J. Robert Cassidy and Wolfe, Hubbard, Leydig, Voit & Ossann, Chicago, Ill., for Packard Instrument Co.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### Motion for Summary Judgment

This action for patent infringement was commenced on March 6, 1972, against defendant corporations. Each defendant answered the complaint alleging as a defense that plaintiff's patent is invalid, not infringed and unenforceable, with defendant Hewlett-Packard additionally counterclaiming for a declaratory judgment of invalidity, noninfringement and unenforceability. On June 12, 1972, plaintiff filed a motion for an order that this action be maintained as a compulsory class action. On February 2, 1973, that motion was denied. In the weeks immediately following that decision joint and stipulated motions seeking the dismissal of Packard Instrument Co., Inc., the Nuclear-Chicago Corp., and the Perkin-Elmer Corp., were filed and granted. On May 17, 1973, a motion for summary judgment was filed by the remaining defendant, Hewlett-Packard Co. It is this motion that we are presently prepared to rule on.

The patent in suit (U.S. Patent No. 3,601,609) relates to an ionization detection device used in high temperature chemical analysis wherein the radioactive isotope nickel-63 is used as a radioactive source and whose primary purpose is to measure the quantity of individual chemicals in a vapor sample. The process usually employed involves the separation of the chemical elements of a vaporous mixture into individual components by use of a gas chromatograph. The unique components are then passed through the ionization detection apparatus wherein the precise quantity of each component is determined by a reading of the particular electrical emission caused by the radioactive isotope as it relates to each particular sample. The specific radioactive isotope used in plaintiff's device is nickel-63 which produces greater detection quality and permits operation at higher temperatures.

Tracor now tries to raise some doubt as to what is precisely the patent in suit. In Tracor's Brief in Opposition to Hewlett-Packard's Motion for Summary Judgment, Tracor alleges "that the selection and use of Nickel-63 for detectors used in high temperature analysis of gas chromatograph effluents constitutes the invention." (Tracor's brief, p. 4). To the extent that Hewlett-Packard defines the patent in suit differently, Tracor claims there is a material dispute precluding summary judgment. The court has reviewed the file wrapper history from the Patent Office, as well as the record to date, and believes Tracor is attempting to obfuscate an issue which is clear. As defendant notes, the patentee stated to the Patent Office that "the instant invention relates to the use of nickel-63 in ionization detectors. This combination is nowhere disclosed or even contemplated in the art." (Patent Office file history, p. 31). In a memorandum of law supporting its motion regarding a class action, Tracor says, "Thus, for practical purposes, any ionization detection apparatus that uses nickel-63 as the radioactive source is within the scope of the patent and is an infringement." Further, Tracor itself claims to the Patent Office that its improved ionization detector would be used, not just as an electron capture detector, but also, for example, as a metastable atom detector or electron mobility detector. Tracor cannot now allege that their patent claim is limited to a device which merely encompasses Hewlett-Packard's supposed infringement. The court cannot permit continued variations in the invention definition with each subsequent brief and motion.

Defendant contends that Tracor's sole contribution consists of the selection of nickel-63 instead of tritium for use in the ionization detector, and that such a substitution has been anticipated in a paper published by William P. Jesse in the Journal of Chemical Physics (Vol. 41, Number 7, October 1, 1964), and by a patent belonging to Anthony V. Fraioli, U.S. Patent 3,390,161.

However, even if such prior art discloses the equivalence of nickel-63 and tritium for some purposes, this does not necessarily teach us their equivalence for the improvement of an ionization detector device, nor does it even make such an improvement so obvious to a person knowledgeable in this art as to allow this court to grant summary judgment without hearing further evidence and expert testimony.

 This is particularly true in light of the presumption in effect due to validation from the Patent Office. Expertness and experience in passing upon patents lie primarily in the Patent Office and these important factors are only partially offset by the greater concentration and the additional relevant evidence which can be brought to bear in any particular patent litigation in the courts. Georgia-Pacific Corp. v. United States Plywood Corp., 2 Cir., 258 F.2d 124 at 133. Defendants claim this presumption of validity is removed because several pertinent articles were concealed from the Patent Office during the prosecution of the application. There is no presumption that a patent is valid as embodying an invention over pertinent prior art not cited or considered by the Patent Office. A R Inc. v. Electro-Voice, Incorporated, 311 F.2d 508 (7th Cir. 1962). Assuming this to be true, the court finds a factual dispute exists as to whether the allegedly concealed information was really pertinent to the Patent Office determination, and that a dispute exists as to whether such pertinent information would have resulted in a Patent Office determination of invalidity, in any case.

The court awaits further expression of opinion on the degree to which it is obvious that nickel-63 is a desirable radioactive source to substitute for tritium in attempts to improve an ionization detector device, and further opinion on whether allegedly concealed information would have led the Patent Office to conclude that Tracor's improvement had been anticipated; further factual disputes may still arise, but summary judgment for the present time is, in any event, precluded. The Motion is denied.